1  Selene Ballonoff
2  2230 Dwight Way, #308
   Berkeley, CA 94704
   Telephone: 510-549-3709
3  Pro Per

4  Plaintiff

**FILED**

MAR 12 2019 

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| SELENE BALLONOFF, PLAINTIFF | CASE NO. **C19-1337** |
| VS. | COMPLAINT |
| TOM LUCAS; FRANCHESCA CALLEJO; SHEILA ROBELLO; NATALIE LUPO; SOLAN PARK AND ROBELLO; DOES 1-100, DEFENDANTS | DEMAND FOR JURY TRIAL   KAW |

1. <u>Jurisdiction</u>.  This court has jurisdiction over this Complaint because it arises under the laws of the United States.

2. <u>Venue.</u>  Venue is appropriate in this court because at least one of the defendants reside in this district and a substantial amount of the acts and omissions giving rise to this Complaint occurred in this district.

3. <u>Intradistrict Assignment</u>.  This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Alameda County and San Francisco County.

4. <u>Parties.</u>    Marilyn Silverman-Ballonoff is a Conservatee subject to Probate Conservatorship (hereinafter "the Conservatee")

Selene Ballonoff is Marilyn Silverman-Ballonoff's daughter.

Tom Lucas is s Licensed Professional Fiduciary who is Marilyn Silverman-Ballonoff's Conservator.

Franchesca Callejo is Mr. Lucas's attorney.

Sheila Robello is a partner in the law firm Solan, Park & Robello which is Mr. Lucas's litigation counsel.

Natalie Lupo is an associate in the law firm Solan, Park & Robello.

Buena Vista Manor is a Residential Care Facility for the Elderly.

Compassionate Community Care is an agency that provides private caregivers to elders.

<u>Statement of Facts</u>.

The Alzheimer's Association, The Alzheimer Society (the Canadian counterpart to the Alzheimer's Association), The Diagnostic and Statistical Manual (the "Bible" of the American Psychiatric Association), the Mayo Clinic, Title 22 and the California Bar Association have all acknowledged multiple medical conditions that cause symptoms of dementia that can be treated and reversed. Prior to being conserved, Marilyn Silverman-Ballonoff had come to live with her daughter Selene Ballonoff so that Selene Ballonoff could assist Marilyn Silverman-Ballonoff in getting diagnosed and treated for medical conditions that cause dementia that can be treated and reversed. The declarations of Floyd Huen, M.D., Julie Griffith, M.D., Michael Lesser, M.D.; Roxanne Miller, Ph.D., Carol Kehoe, Naftali Citron, Kay Ellyard and Joey Maxey attest to the improvements in the Conservatee's cognitive function and mood while under the care of Selene

Ballonoff.

In the absence of any known precipitating incident, Tom Lucas cut off all but written communication with Selene Ballonoff shortly after being appointed Conservator for Marilyn Silverman-Ballonoff. Selene Ballonoff reached out to Mr. Lucas in hopes of working together in her mother's best interests. Mr. Lucas rebuffed her and refused to provide almost any information about her mother's condition and treatment, despite the Conservatee's marked improvements under Selene Ballonoff's care. The Interim Report to the Arizona Judicial Council by the Committee on Improving Judicial Oversight and Processing of Probate Court Matters 2010 notes "singular control of information by fiduciary" and "pattern of rebuffing requests for information" as "red flags" for fiduciary abuse.

Harvard-trained Medical Doctor Julie Griffith, who speclalizes in Neurology and whose patients travel from all over the world seeking out her expertise in Neurological Rehabilitation evaluated the Conservatee and opined that the Conservatee could live independently and work part-time if she received appropriate diagnosis and treatment. Dr. Griffith made numerous testing and treatment recommendations in a fifteen page report she signed under penalty of perjury. Mr. Lucas fired Dr. Griffith without pay and replaced her with a visiting nurse from Kaiser. Mr. Lucas prevented Dr. Griffith from sharing her findings and recommendations with the Conservatee's other health care providers.

Selene Ballonoff is informed and believes that in 2016, the Conservatee was being given Depakote as well as the atypical antipsychotic Seroquel to the point that the Conservatee was having swallowing difficulties. Neither Depakote nor Seroquel was being administered for an FDA-approved use. A chart prepared by the State of Connecticut (which is readily available on the internet) which summarizes a peer-reviewed medical journal article on drug-induced dysphagia (swallowing difficulties) indicates that dysphagia (swallowing difficulties) is a

common complication of Depakote and Seroquel overdose. (The peer-reviewed medical journal article is: KM Balzer, Pharm.D. (2000) Drug-Induced Dysphagia. International Journal of MS Care: March 2000, Vol. 2, No. 1, pp. 40-50). Rather than reducing or discontinuing the Depakote and/or Seroquel, Mr. Lucas enrolled the Conservatee in an Aspiration Precautions program at Residential Care Facility for the Elderly Buena Vista Manor.

Selene Ballonoff is informed and believes that in March of 2018, while living at Buena Vista Manor, the Conservatee developed Aspiration Pneumonia Sepsis. Mr. Lucas indicated in writing his unwillingness to have the Conservatee evaluated by a health care provider and his intention to enroll the Conservatee in Hospice. He also affirmed that Selene Ballonoff was welcome to visit the Conservatee while she was under Hospice care. The only caselaw pertinent to withholding life-sustaining treatment from a conscious conservatee is Conservatorship of Wendland, which was decided by California's Supreme Court in 2001. Wendland holds that a court order on the basis of clear and convincing evidence is necessary before a conservator can withhold life-sustaining treatment. Selene Ballonoff contacted the Kaiser Advice Nurse who sent an ambulance which transported the Conservatee to Kaiser Emergency Room.

Mr. Lucas greeted Selene Ballonoff in the Emergency Room lobby by shouting: "I'm getting a Stay-away order tomorrow!" While no Stay-away order was ever granted by the Court, Selene Ballonoff is informed and believes Mr. Lucas instructed Kaiser Hospital to prevent Selene Ballonoff from visiting her mother. The Conservator was deprived of the companionship of her only child while she was in the Emergency Room. Subsequently, whenever Selene Ballonoff called Kaiser Hospital, she was told there was no record of any patient by the name of Marilyn Silverman-Ballonoff. Kaiser San Francisco is a seven story, multi-wing hospital and without knowing a patient's room number, visitation is effectively impossible. Selene Ballonoff asked Mr. Lucas where her mother was. Mr. Lucas referred Ms.

Ballonoff to his attorney Ms. Callejo, who falsely claimed the Conservatee had "not been moved" and would not answer follow up questions as to the Conservatee's whereabouts. The Conservatee was deprived of the companionship of her only child on what reasonably appeared to be her deathbed.

Selene Ballonoff filed a Probate Petition to Limit Authority of Conservator which has Causes of Action for Breach of Fiduciary Duty, Negligence and Elder Physical Neglect related to facts including but not limited to those described above. Mr. Lucas retained Solan Park & Robello to represent him as litigation counsel in defending against claims of Elder Physical Neglect related to facts that transpired and were facilitated by a previous Associate of Solan, Park & Robello when she was Court Appointed Counsel for the Conservatee from 2012-2014.

Mr. Lucas, Ms. Callejo, Sheila Robello, Natalie Lupo and Solan, Park & Robello have driven up their respective fees unnecessarily by promoting litigation rather than negotiating issues that arise in the Conservatorship and for overcharging for their services. Ms. Robello and Ms. Lupo have driven up their fees by performing unnecessary work.

Claims

False Claims Act, specifically Medicare Fraud for prescribing medications and seeking Medicare reimbursement for medications prescribed for purposes for which they are not approved by the FDA.

Violation of First Amendment Rights to Freedom of Association between immediate family members.

Violation of Probate Code 2351 which requires a court order to restrict a Conservatee's visitors.

Violation of the Americans with Disabilities Act which requires full and equal access to medical care for persons with disabilities.

Violation of Welfare and Institutions Code 15600 et. seq. for Elder Physical Neglect and Elder Financial Abuse for providing unnecessary services.

Request for Relief

Injunctive Relief: For the medications prescribed for off-label uses to be stopped.

Damages: for the cost of medications and medical care to get the prescriptions and for treatment of the sequelae of the medications and for the unnecessary services provided.

Demand for Jury Trial.

17. Selene Ballonoff demands a jury trial.

I certify under penalty of perjury the foregoing is true and correct except for those matters stated on information and belief and as to those matters I believe them to be true.

Signed: *Selene Ballonoff*   at Berkeley, California on March 11, 2019